David C. Wright (SBN 177468)
dcw@mccunewright.com
Steven A. Haskins (SBN 238865)
sah@mccunewright.com
**McCUNE LAW GROUP, APC**
3281 East Guasti Road, Suite 100
Ontario, California 91761
Telephone: (909) 557-1250
Facsimile: (909) 557-1275

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER HINZE,<br><br>            Plaintiff,<br><br>vs.<br><br>TESLA, INC., a Delaware Corporation; and DOES 1 through 100, inclusive<br><br>            Defendants. | **CASE NO.:  3:22-cv-02944- AMO**<br>(Removed from Alameda County Superior Court – Case No. 22CV009439)<br><br>**PLAINTIFF'S RESPONSE TO ORDER TO SH CAUSE WHY CASE SHOULD NOT BE TRANSFERRED**<br><br>Action Filed:  April 4, 2022<br>Trial:  May 5, 2025 |

TABLE OF CONTENTS

*Page*

I. INTRODUCION .................................................................................................................. 1

II. FACTS .................................................................................................................................. 1

III. ARGUMENT ........................................................................................................................ 2

    A. The Parties Chose a Valid Forum ............................................................................2

    B. Tesla Cannot Satisfy Its Burden to Overcome the Presumption Created by Plaintiff's Choice of Forum ......................................................................................3

# TABLE OF AUTHORITIES

*Page(s)*

Cases

*Byler v. Deluxe Corp.*,
  222 F.Supp.3d 904- (S.D.Cal. 2016) ................................................................................ 4

*Carolina Cas. Co. v. Data Broadcasting Co.*,
  805 F.2d 834 (9th Cir. 1986) ............................................................................................ 4

*Da Cruz v. Princess Cruise Lines, Inc.*,
  No. C-00-0867 TEH, 2000 WL 1585695 (N.D.Cal. 2000) .............................................. 2

*Doe v. Epic Games, Inc.*,
  435 F.Supp.3d 1024 (2020) .............................................................................................. 3

*In re Ferrero Litig.*,
  768 F.Supp.2d 1074 (S.D.Cal. 2011) ................................................................................ 4

*In re Paris Air Crash of March 3,
  1947*, 399 F.Supp. 732 (C. D. Cal. 1975) ......................................................................... 3

*Lee v. Corrections Corp. of Am.*,
  525 F.Supp.2d 1238 (D. Hawai'i 2007) ............................................................................ 3

*Legal Force, Inc. v. Legalzoom.com, Inc.*,
  No. 2:18-cv-06147-ODW-GJS, 2018 WL 6179319 (C.D.Cal. Nov. 27, 2018) ................ 4

*Myers v. Bethlehem Shipbuilding Corp.*,
  303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938) ............................................................... 4

*Pure Oil Co. v. Suarez*,
  384 U.S. 202 (1966) .......................................................................................................... 2

*Royal Queentex Enters. v. Sara Lee Corp.*,
  No. C-99-4787 MJJ, 2000 WL 246599 (N.D.Cal. Mar. 1, 2000) ..................................... 5

*Szegedy v. Keystone Food Prods., Inc.*,
  No. CV 08-5369 CAS (FFMx), 2009 WL 2767683 (C.D.Cal. Aug. 26, 2009) ............... 5

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
  581 U.S. 258 (2017) .......................................................................................................... 3

*Technograph Printed Circuits, Ltd. v. Packard Bell Elec. Corp.*,
  290 F. Supp. 308 (C.D.Cal. 1968) .................................................................................... 2

*United Tactical Sys. LLC v. Real Action Paintball, Inc.*,
  108 F.Supp.3d 733 (N.D.Cal. 2015) ................................................................................. 3

*Ward v. Certain Underwriters at Lloyd's of London*,
  18-CV-07551-JCS, 2019 WL 2076991 (N.D.Cal. May 10, 2019) ................................... 3

**TABLE OF AUTHORITIES (cont.)**

*Page(s)*

Statutes

28 U.S.C.A. § 1391 ................................................................................................. 1, 2, 3

28 U.S.C.A. § 1404 ................................................................................................. 1, 2

## I.   INTRODUCION

A plaintiff's choice of a valid forum is accorded great weight in determining whether to transfer venue under 28 U.S.C.A. § 1404. That premise is particularly true when the forum chosen is a valid forum pursuant to the federal venue statute, 28 U.S.C.A. § 1391. Here, Plaintiff Christopher Hinze has chosen to sue in the Northern District of California, where Tesla is not only physically present, but where it designed and manufactured the defective automobile that caused his injuries. Tesla thus satisfies both of the statutory tests for an appropriate venue, regardless of where Mr. Hinze resides or where the accident occurred.

Because Plaintiff has chosen an appropriate venue, the underlying question and the burden shift away from Plaintiff. Now, the question is whether permissive transfer is appropriate under 28 U.S.C. § 1404, the venue transfer statute, and it becomes Tesla's burden to justify a transfer. *Id.* ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum. . . ."). The underlying facts here put such a showing out of reach. There is no basis for a transfer to the Eastern District of Virginia.

## II.   FACTS

On June 20, 2020, Plaintiff Christopher Hinze, a resident of Washington, D.C., was driving a 2017 Tesla Model S on highway I-495 in the State of Virginia. (Declaration of David C. Wright ("Wright Decl."), ¶¶ 4-5.) While driving, Plaintiff activated the vehicle's Autopilot capability, which Tesla markets as "advanced hardware capable of providing Autopilot features, and full self-driving capabilities—through software updates designed to improve functionality over time." (*Id.* ¶ 5.) Mr. Hinze alleges that the Autopilot feature failed in navigating a transition road between two freeways, and failed to slow down so that the vehicle could proceed safely into an upcoming curve. (*Id.*) As a result, the vehicle went into the undergrowth near the off-ramp and crashed into a tree 40 feet off the road. (*Id.*) Mr. Hinze filed this lawsuit in state court and Tesla removed it to this District on May 18, 2022. Dkt. No. 1. At the all times during Tesla's design, marketing, and distribution of the subject vehicle, it headquarters was located in San Jose, California. Tesla manufactured the subject Model S, and all Model S vehicles built to the present day, at its manufacturing facility located in Fremont, Alameda County, California. (Wright Decl., ¶ 8.)

## III. ARGUMENT

Transfer is improper here. First, Plaintiff has chosen a qualifying forum pursuant to the general venue statute, 28 U.S.C. § 1391. And second, there is no reason to overcome the presumption that comes with Plaintiff's choice of forum. An analysis of the factors courts use when considering transfer under the pertinent statute, 28 U.S.C. § 1404, fall far short of justifying transfer.

### A. The Parties Chose a Valid Forum

Venue is governed by the general venue statute, 28 U.S.C. § 1391, and determined as of "the time an action is commenced." *Da Cruz v. Princess Cruise Lines, Inc.*, No. C-00-0867 TEH, 2000 WL 1585695, at *3 (N.D.Cal. 2000); *see also Technograph Printed Circuits, Ltd. v. Packard Bell Elec. Corp.,* 290 F. Supp. 308 (C.D.Cal. 1968). Section 1391 provides that a civil action may be brought in "any judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." This lawsuit satisfies both tests.

First, this lawsuit was brought to this judicial district—where Tesla has designed and manufactured Tesla Model vehicles since 2012, including when Plaintiff filed this lawsuit in May 2022—by Defendant itself when it removed this action from the Superior Court of California for Alameda County to this District. Dkt. No. 1. Plaintiff did not contest this removal. Of course, Tesla's unilateral decision in 2021 to re-locate its corporate headquarters to Texas does not eliminate the Northern District as an appropriate venue, because while residence under the venue statute once traditionally meant the "place of incorporation," the United States Supreme Court has since established that the general venue requirements provide a forum in any judicial district in which the "corporate defendant is doing business." *Pure Oil Co. v. Suarez*, 384 U.S. 202, 204 (1966). Tesla's primary manufacturing facility for the Model S—and Model X—vehicles remains in Alameda County, within the Northern District. Congress amended § 1391 to provide that "[e]xcept as otherwise provided by law" and "[f]or all **venue purposes**," a corporation "shall be deemed to **reside**, if a defendant, in any judicial district in which such defendant is subject to the

court's personal jurisdiction with respect to the civil action in question." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 262 (2017) (citing §§ 1391(a), (c)).

Section 1391 also supports venue in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." This rule permits venue in multiple districts so long as "a substantial part of the underlying events took place in each of those districts." *Doe v. Epic Games, Inc.*, 435 F.Supp.3d 1024, 1039 (2020) (citing *Ward v. Certain Underwriters at Lloyd's of London*, No. 18-CV-07551-JCS, 2019 WL 2076991, at *5 (N.D.Cal. May 10, 2019)). To determine whether a "substantial part of the events" giving rise to the claim occurred in the forum, the court considers what "acts or omissions by the defendants give rise to the plaintiffs' claims." *United Tactical Sys. LLC v. Real Action Paintball, Inc.*, 108 F.Supp.3d 733, 752 (N.D.Cal. 2015). The court should look to the entire sequence of events underlying the claim. *See Lee v. Corrections Corp. of Am.*, 525 F.Supp.2d 1238, 1241 (D. Hawai'i 2007).

The substantiality test is met here by Tesla's conduct in designing and manufacturing the Tesla Model S in this district. California products liability law holds that if a wrong occurs in the defective design or manufacture of a product, "it occurred at the time and in the place of design and manufacture; the place where it came to fruition is purely fortuitous." *See In re Paris Air Crash of March 3, 1947*, 399 F.Supp. 732, 740 (C. D. Cal. 1975). Not only does this venue satisfy the substantiality test, but the material facts that will decide the case—the facts establishing whether Tesla engaged in wrongful activity—occurred in California.[1] Because the Northern District satisfies both Section 1391 tests, it is an appropriate venue.

B. **Tesla Cannot Satisfy Its Burden to Overcome the Presumption Created by Plaintiff's Choice of Forum**

Once the plaintiff demonstrates that its choice of forum is sound, transfer is subject to a multi-factor balancing test, which includes: (1) the plaintiff's choice of forum; (2) the convenience of the witnesses; (3) convenience of the parties; (4) ease of access to the evidence; (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local

---

[1] Plaintiff does not argue Virginia is not an appropriate forum; instead, he argues there is no legal basis for overriding his choice of an otherwise appropriate forum.

interest in the controversy, and (8) the relative court congestion and time of trial in each forum. *Carolina Cas. Co. v. Data Broadcasting Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Of course, here it is Defendant that chose the Northern District when it removed this case and then did not seek to have venue transferred for two years of litigation. Assuming hypothetically that it had, however, Tesla would have to make a "strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."[2] *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Even where these factors are equally balanced, the plaintiff's choice stands. *See Byler v. Deluxe Corp.*, 222 F.Supp.3d 904-905 (S.D.Cal. 2016) ("This presumption is overcome only when private and public interest factors 'clearly' point toward an alternative forum.")

The critical factor weighing against transfer is that both Plaintiff and Defendant have chosen a venue where they both have specific, identifiable, case-related contacts—Tesla was located here during the design and manufacture of the subject vehicle and at all times through the date of the accident, and Plaintiff's harm originated here. *See In re Ferrero Litig.*, 768 F.Supp.2d 1074, 1079 (S.D.Cal. 2011). Those direct connections to this forum weigh against transfer, and all the more so where there is no reason to disturb the parties' choice. Because this forum has a direct connection to the underlying dispute, the court must defer to the parties' venue choice.[3]

None of the other factors, individually or collectively, justify transfer given the parties' choice of forum. The convenience of the parties is served by having this litigation in the Northern District of California. Plaintiff asserts no inconvenience resulting from proceeding in this district,

---

[2] Here, Tesla has litigated this action in this court for two years without even seeking to change venue. Indeed, it was Tesla that chose this forum when it removed Plaintiff's state court action to this Court. And while personal jurisdiction and venue are waivable defects, broadly speaking, subject-matter jurisdiction, personal jurisdiction, venue, abstention, and exhaustion are all issues of "judicial administration" that are appropriately decided early in the proceeding. *See, e.g., Myers v. Bethlehem Shipbuilding Corp.,* 303 U.S. 41, 50–51, 58 S.Ct. 459, 82 L.Ed. 638 (1938) (referring to the "long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted").

[3] There is no evidence here of forum-shopping, defined as "the same or similar case represented by the same law firm in a different district after receiving unfavorable rulings there." *See, e.g., Legal Force, Inc. v. Legalzoom.com, Inc.*, No. 2:18-cv-06147-ODW-GJS, 2018 WL 6179319, at *3 (C.D.Cal. Nov. 27, 2018). This case was removed to the Northern District by Defendant.

which contains at least three large international airports and is reachable from anywhere in the country. Moreover, Tesla is not inconvenienced by litigating here. It brought no venue motion after it removed Plaintiff's action. Indeed, many of its witnesses and its underlying data are physically located in the Northern District. (Wright Decl. ¶ 8.) The same is true for the convenience of witnesses. Regardless of where Tesla's witnesses are, they are just as likely to be inconvenienced having to fly to the east coast as to the west coast—Tesla has sparse east coast operations.

The location of the evidence does not favor transfer. Indeed, the parties have already completed all non-expert and expert discovery while the case was pending in this Court.

Nor does the law to be applied support transfer. While the parties dispute the law that should be applied to this case, the law considers a federal judge just as able to apply one state's law as another. *See Szegedy v. Keystone Food Prods., Inc*., No. CV 08-5369 CAS (FFMx), 2009 WL 2767683, at *7 (C.D.Cal. Aug. 26, 2009) ("The judges in each jurisdiction are fully capable of deciding issues arising under both California and Pennsylvania law."). Regardless of whether California or Virginia law applies, either court is equally able to apply it. This factor is neutral.

There are no potential efficiencies to be gained by consolidating this case with other claims currently pending in the Eastern District of Virginia. Nor would consolidation be fair or appropriate, given that this is a single-injury lawsuit brought on behalf of an individual, not a class. This factor strongly weighs against transfer. Nor does either district have any particular local interest in this case. The underlying accident occurred in Virginia; the conduct creating the defect that allegedly caused the accident occurred in California. Neither gives one district or the other an advantage in the analysis, much less a substantial one.

Finally, courts have noted the minimal weight that judicial efficiency has on the venue transfer analysis, and all the more so when it is the only identifiable factor in favor of transfer. *See Royal Queentex Enters. v. Sara Lee Corp*., No. C-99-4787 MJJ, 2000 WL 246599, at *8 (N.D.Cal. Mar. 1, 2000). Any theoretical efficiency on this score is immaterial.

As such, there are simply no relevant factors that support transfer. On the contrary, numerous factors support this case remaining in the Northern District of California.

| | | |
|---|---|---|
| 1 | DATED: October 25, 2024 | McCUNE LAW GROUP |
| 2 | | |
| 3 | | BY:   /s/ *David C. Wright* |
| 4 | | David C. Wright<br>Attorney for Plaintiff |
| 5 | | CHRISTOPHER HINZE |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 25, 2024, I filed the foregoing document entitled **PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE TRANSFERRED** with the clerk of court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

/s/ *David C. Wright*
David C. Wright