UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER HINZE,<br><br>    Plaintiff,<br><br>    v.<br><br>TESLA, INC.,<br><br>    Defendant. | Case No. 22-cv-02944-AMO<br><br>**ORDER TRANSFERRING CASE TO EASTERN DISTRICT OF VIRGINIA** |

On October 15, 2024, the Court issued an order to show cause why this case should not be transferred to the Eastern District of Virginia pursuant 28 U.S.C. § 1404(a). ECF 85. The statute allows the Court to transfer a case, on its own motion, "[f]or the convenience of parties and witnesses, in the interest of justice . . . ." 28 U.S.C. § 1404(a); *see Thomas v. Asterion, Inc.*, No. CV 10-01973 JF (HRL), 2010 WL 3037149, at *3 (N.D. Cal. July 30, 2010) (exercising discretion to transfer case, sua sponte, from Northern District of California to District of Massachusetts because contacts with California were "minimal at best").

Transfer pursuant to Section 1404(a) lies within the discretion of the district court and depends on the facts of each particular case. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). The Court must first determine whether the case could have been brought in the district where transfer is sought, i.e., where venue is proper, before assessing the convenience of parties and witnesses and the interest of justice. *See Bureau of Land Mgmt.*, 286 F. Supp. 3d 1054, 1059 (N.D. Cal. 2018). In deciding whether transfer is warranted, the Court must consider both public factors, which go to the interests of justice, and private factors, which go to the convenience of the parties and witnesses. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Such factors may include: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing

1  law; (3) the plaintiff's choice of forum; (4) the parties' respective contacts with the forum; (5) the
2  contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the
3  costs of litigation in the two forums; (7) the availability of compulsory process to compel
4  attendance of unwilling non-party witnesses; (8) the ease of access to sources of proof; (9) the
5  presence of a forum selection clause; and (10) the relevant public policy of the forum state, if any.
6  *Jones*, 211 F.3d at 498-99.

Because the parties agree that Hinze could have filed his action in Virginia, *see* ECF 87 at 4; ECF 88 at 7 n.1, the Court focuses on whether the applicable factors warrant transfer.

"The convenience of the witnesses, particularly non-party witnesses, is often the most important factor" in ruling on a motion to transfer venue under Section 1404(a). *Grossman v. Johnson & Johnson*, No. 14-CV-03557-VC, 2015 WL 1743116, at *1 (N.D. Cal. Apr. 13, 2015). Here, all but two witnesses – Tesla's corporate representative and one of Hinze's friends – work or live in the Eastern District of Virginia.[1] ECF 87-1 ¶ 4. This includes the owner of the vehicle, who was riding as a passenger at the time of the accident, the law enforcement and medical personnel who were at the scene of the accident, and one of Hinze's treating physicians, all of whom are important witnesses. *Id.* Because these individuals live or work within the Eastern District of Virginia, it is more convenient for them to testify in that judicial district. *See Grossman*, 2015 WL 1743116, at *2 (transferring case from Northern District of California to District of Maryland because the convenience to the defendant was heavily outweighed by the inconvenience to important third-party witnesses); *Perez v. Performance Food Grp., Inc.*, No. 15-CV-02390-HSG, 2017 WL 66874, at *4 (N.D. Cal. Jan. 6, 2017) (finding that it would be more convenient for non-party witnesses to testify in the district where they were likely to reside). In addition, because of their location, these individuals are beyond the subpoena power of the Court, which also favors transfer. *See Wilson v. Walgreen Co.*, No. C-11- 2930 EMC, 2011 WL 4345079, at *4 (N.D. Cal. Sept. 14, 2011) (transferring action from Northern District to Central District of California in part because key witnesses were beyond the subpoena power of the court).

---

[1] Hinze makes no contrary showing, generally asserting that many witnesses are physically located in the Northern District, without specifics. *See*, ECF 88 at 9.

Public factors also weigh in favor of transfer.  First, while Tesla's operations, including the design, manufacture, and distribution of the vehicle at issue were based in this judicial district, *see* ECF 88-1 ¶¶ 7-8, the accident giving rise to Hinze's claims occurred in the Eastern District of Virginia.  ECF 88-1 ¶ 5.  That is also where the vehicle involved in the accident was purchased.  ECF 87-2 at 4-5.  On these facts, Virginia has a stronger interest in the controversy.  *See Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1157 (N.D. Cal. 2009) (finding that the Central District of California had a stronger interest in the controversy because the events giving rise to the plaintiffs' claims took place there).

Second, "a trial may be speedier in [the Eastern District of Virginia] because of its less crowded docket."  *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1337 (9th Cir. 1984).  As of June 30, 2024, 4,119 cases were pending in the Eastern District of Virginia, compared to the 15,619 cases pending in this district.  *See* Federal Court Management Statistics, June, 30 2024 – Profiles, available at https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2024.pdf (last accessed Oct. 28, 2024).  The median time to trial in the Eastern District of Virginia is also 15.2 months, compared to 48.9 in this district.  *Id.*  The relative docket congestion thus favors transfer.

That Hinze chose to sue in California does not turn the weight of these factors in his favor.  Hinze is a resident of Washington, D.C., *see* ECF 88-1 ¶ 4, and as such, the deference ordinarily due to a plaintiff's chosen forum is substantially diminished.  *See Burgess v. HP, Inc.*, No. 16-CV-04784-LHK, 2017 WL 467845, at *6 (N.D. Cal. Feb. 3, 2017) (explaining that "this deference is substantially diminished in several circumstances, including where . . . the plaintiff's venue choice is not its residence") (citations and quotation marks omitted).  Such deference is further diminished because the accident giving rise to Hinze's claims occurred in Virginia.  *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (explaining that "[i]f the operative facts have not occurred within the forum . . . , [the plaintiff's] choice is entitled to only minimal consideration.").

///

///

///

3

For the reasons set forth above, this case is hereby **TRANSFERRED** to the Eastern District of Virginia, Alexandria Division.

**IT IS SO ORDERED.**

Dated: October 28, 2024

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**